# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON N. PROFIT, | ) | CASE NO. 1:18CV1223 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF SHAKER HEIGHTS, et. al, | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint of Plaintiff Brandon N. Profit ("Plaintiff") against defendants City of Shaker Heights, K. Montgomery (Magistrate, Shaker Heights Municipal Court), Adam Flynt (Officer, Shaker Heights Police Department), and C. Randolph Keller (Chief Prosecutor, City of Shaker Heights) (ECF DKT #1-2). Also before the Court is Plaintiff's motion to proceed *in forma pauperis* (ECF DKT #2), which is granted.

For the reasons that follow, this action is dismissed.

## I. BACKGROUND

The civil cover sheet filed in this action states that it is related to an earlier case filed by Plaintiff in the Northern District of Ohio – Case No. 1:18CV177 ("Related Case"). In the Related Case, Profit raised claims against the same defendants regarding the same traffic stop on February 23, 2017, in Shaker Heights, Ohio, at issue in the instant action. The Court dismissed the Related Case for lack of subject matter jurisdiction pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) because Profit failed to set forth intelligible allegations against any defendant

(Related Case ECF DKT #3).

The factual background pleaded in the instant action is virtually identical to the pleading in the Related Case. Plaintiff describes himself as a Washitaw de Dugdahmoundyah Mu'ur National. (ECF DKT #1-2 at 3). Plaintiff asserts that while driving his vehicle in Shaker Heights on February 23, 2017, Flynt stopped him for driving through a traffic sign and expired license tags and asked Plaintiff for his driver's license. (*Id*. at 3-4). Plaintiff told Flynt that he did not have a driver's license because he was not a citizen of the United States or State of Ohio and Ohio's laws did not apply to him. Plaintiff explained that he was " Native and Sovereign" and presented Flynt with his Moorish/Washitaw Tribal Nations right to travel card. (*Id*. at 4). When he was stopped, Plaintiff as in possession of a knife. Flynt towed Plaintiff's car for expired plates. (*Id*.). Plaintiff states that he was charged with violation of four Ohio statutes concerning: carrying a weapon, driving without a license, not wearing a seat belt and driving through a traffic sign (*Id*. at 5).

Plaintiff alleges that because he is not a citizen, he does not have a "contract" with the State of Ohio or Department of Motor Vehicles "that gives anyone jurisdiction over me." (*Id*.). Plaintiff challenges the charges brought against him "through 'color of law,'" which he claims are an attempt by defendants "at extortion, racketeering, and collusion" in violation of 18 U.S.C. § 241 and 242, Article VI of the United States Constitution, and "Various Treaties." (*Id*. at 5-6).

Plaintiff asserts specific, but sparse, factual allegations against each of the defendants in support of his claim that they violated his above-mentioned rights. Plaintiff claims that Flynt illegally detained him after seeing his right to travel card. He contends that Keller illegally prosecuted the case against him "understanding my status as a Washitaw Moorish American,"

and threatened to lock him up if Plaintiff "proceeded in this matter," and that Montgomery lacked jurisdiction to adjudicate the charges against him. Lastly, Plaintiff claims that the City of Shaker Heights failed to properly train the "policy enforcers" about their obligation to uphold Plaintiff's rights under the Constitution and various treaties.[1] (*Id*. at 6-7).

In addition, Plaintiff generically claims that defendants violated the following constitutional provisions, executive orders, international laws, treaties, criminal statutes, laws and congressional resolutions and their oath of office in connection with the traffic stop by Flynt on February 23, 2017 and ensuing charges: Article VI of the Constitution, Article 1 of the Ohio Constitution, Executive Order 13107, International Law, Treaty of Peace and Friendship with Morocco, Treaty of Comanche and Witchetaw, United Nations Declaration on the Rights of Indigenous Peoples, American Jurisprudence 16th Edition Section 177, American Jurisprudence 25th Edition Highways Section 163, Title 18 §§ 241 and 242, Title 18 § 7 and 31, 1933 Congressional Resolution # 75 and contract law. (*Id*. at 16).

For relief, Plaintiff seeks One Million Dollars in damages from each defendant and asks this Court to expunge his record related to the February 23, 2017 traffic stop and cure the dishonor of his personal liberty. (*Id*. at 17-18).

---

[1] Exhibits to the Complaint attached in support of Plaintiff's claims include The Treaty of Peace and Friendship between Morocco and the United States, the Treaty with the Comanche and Witchetaw Indians and their Associated Brands, the United Nations Rights of Indigenous People, various provisions of the United States and Ohio constitutions, purported excerpts from treatises, 18 U.S.C. §§ 241 and 242, and a citation to *AFLCIO v. Woodward*, 406 F.2d 137. (ECF DKT #1-2 at 7-15).

## II. DISCUSSION

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B)). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous."). Pleadings and documents filed by *pro se* litigants are generally "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, *pro se* plaintiffs must still meet basic pleading requirements and the Court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

## B. Plaintiff Lacks a Private Right of Action

Plaintiff's claims that defendants violated criminal laws and various treaties fail to state a plausible claim upon which relief can be granted because he lacks a private right of action.

A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing among authority *Diamond v. Charles,* 476 U.S. 54, 64-65 (1986)); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) (same) (citing *U.S. v. Nixon*, 418 U.S. 683, 693 (1974)). In the absence of a private right of action, Plaintiff lacks standing to commence a federal criminal action against defendants. *See Poole v. CitiMortgage, Inc.*, Civil Action No. 14-CV-10512, 2014 WL 4772177, at *5 (E.D. Mich. Sept. 24, 2014) (a private citizen lacks standing to initiate criminal proceedings) (citing among authority *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)). Thus, Plaintiff fails to state a plausible claim upon which relief can be granted and his claims against defendants for violations of criminal statutes are dismissed pursuant to § 1915(e). *See Bey v. State of Ohio*, No. 1:11 CV 1306, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) ("[C]laims under 18 U.S.C. §§ 241 (conspiracy to deny civil rights), 242 (deprivation of civil rights), 872 (extortion), 1001 (fraud and false statements), 1201 (kidnaping), 1341 (mail fraud), 1621 (perjury), and 1959 (RICO) . . . are criminal statutes and provide no cause of action to civil plaintiffs.") (citing *U.S. v. Oguaju,* No. 02-2485, 76 F. App'x 579, 2003 WL 21580657, at *2 (6th Cir. July 9, 2003)).

Plaintiff also claims that defendants violated various treaties in connection with the traffic stop and charges against him. While these treaties may be of personal importance to Plaintiff, they do not constitute relevant legal authority in this action. Indeed, courts considering the issue

have concluded that such treaties do not give Plaintiff, a purported "sovereign/aboriginal/ Indigenous Native of Morocco the most extreme west and free national of the Washitaw de Dugdahmoundyah Mu'ur Nation," a private right of action. *See e.g. Bey v. Ohio*, No. 1:11 CV 1306, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) (The Treaty of Peace and Friendship between Morocco and the United States, as cited, does not provide grounds for private parties to file civil actions.); *Bey v. Ohio*, No. 1:11 CV 1213, 2011 WL 5024188, at *2 (N.D. Ohio Oct. 19, 2011) (citing *Vuaai El v. Mortgage Electronic Registry System,* No. 08–14190, 2009 WL 2705819, at n. 11 (E.D. Mich. Aug. 24, 2009)). Plaintiff's claims against defendants for violations of the treaties cited in the Complaint are dismissed pursuant to § 1915(e) for failure to state a claim upon which relief can be granted.

## C. 42 U.S.C. § 1983

Construing the Complaint liberally in Plaintiff's favor, the Court construes Plaintiff's allegation that defendants acted under "color of law" as asserting claims pursuant to 42 U.S.C. § 1983. In order to state § 1983 claim, Plaintiff must show that (1) a person acting under color of state law (2) deprived him of his rights under the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Plaintiff claims that defendants violated his constitutional rights in connection with the traffic stop by Flynt on February 23, 2017, and ensuing charges brought against him. The Complaint makes no factual allegations as to the outcome of the prosecution and, if he were convicted, the outcome of any appeal. Plaintiff asks this Court for monetary damages, the return of his property and to cure the dishonor of his personal liberty. (ECF DKT #1-2 at 17-18).

## 1. Immunity

As an initial matter, Prosecutor Keller and Magistrate Mongomery are absolutely immune from suit. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (judge is immune from suit for money damages); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (a prosecutor is absolutely immune from suit under § 1983 for damages when he acts within the scope of his prosecutorial duties); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) ("It is a well-entrenched principle . . . that judges are generally absolutely immune from civil lawsuits for money damages.") (citations omitted); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993) (prosecutors sued in their personal capacity under § 1983 are absolutely immune from suit for initiating a prosecution and presenting the state's case) (citations omitted).

Judicial immunity may only be overcome where (1) the conduct alleged is performed at a time that the defendant is not acting as a judge; or (2) the conduct alleged is taken in the complete absence of subject matter jurisdiction. *Mireles*, 502 U.S. at 11-12. Plaintiff's allegations against Montgomery do not plausibly support either exception to judicial immunity. Montgomery is immune from suit and entitled to dismissal from this action pursuant to § 1915(e).

Keller's immunity as a prosecutor extends not only to actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken in connection with the duties of functioning as a prosecutor. *Imbler*, 424 U.S. at 451. Plaintiff's allegations against Keller do not plausibly support an inference that Keller engaged in conduct outside of duties and activities undertaken as a prosecutor. Keller is immune from suit and entitled to dismissal from

7

this action pursuant to § 1915(e).

## 2. The *Younger* Doctrine requires abstention

There are no allegations in the Complaint concerning the status of the charges brought against Plaintiff as a result of the traffic stop by Flynt on February 23, 2017. To the extent that case remains pending in state court, the Court must abstain and dismiss this action. Under *Younger v. Harris,* 401 U.S. 37 (1971), a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger*, 401 U.S. at 44-45. "A district court may abstain under the *Younger* doctrine if three conditions exist: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Tr.*, 707 F.3d 699, 701 (6th Cir. 2013) (citations omitted).

If state proceedings concerning the charges resulting from the February 23, 2017 traffic stop remain pending, the Court finds that the other two conditions warranting abstention under *Younger* exist. State criminal matters are an important state interest. *Younger*, 401 U.S. at 44-45. There is no allegations in the Complaint or other showing by Plaintiff from which this Court could infer that he would be barred from raising in state court the constitutional claims he raises here. *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (it is plaintiff's burden to demonstrate that state procedural law bars presentation of his claims) (citation omitted). If Plaintiff's state court case remains pending, all of the requirements of *Younger* are satisfied and abstention is appropriate.

### 3. *Heck v. Humphrey* bars this action

To the extent that the state court criminal proceedings against Plaintiff have been concluded, this action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a person convicted of an offense in state court may not raise a § 1983 claim in federal court if a judgment in his favor on the merits would affect the validity of his state court conviction unless the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 412 U.S. at 486-87; *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487.

Here, Plaintiff's federal claims challenge the validity of the charges and criminal proceedings against him. Were the Court to rule in his favor, that judgment would affect the validity of his conviction in state court. Therefore, Plaintiff must first show that his conviction was declared invalid by an Ohio state court or by a federal court in a habeas corpus proceeding.

There are no allegations in the Complaint from which this Court could infer that any conviction on the charges related to the February 23, 2017 traffic stop have been so invalidated. Accordingly, Plaintiff's claims in this case are barred by *Heck* and dismissed pursuant to § 1915(e) for failure to state a claim. *See Hunt v. Mich.*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim).

### 4. Plaintiff's claims are frivolous

To the extent that Plaintiff's conclusory claims do not challenge his conviction and sentence in connection with the traffic stop on February 23, 2017, those claims are dismissed as

9

frivolous pursuant to s 1915(e). Plaintiff's claims, which rest upon his assertions that he is not subject to the laws and jurisdiction of Ohio because of his membership in the Washitaw Nation and international laws and treaties have been rejected by numerous federal courts[2] and are frivolous and subject to dismissal pursuant to § 1915(e). *See Great Seal Nat. Ass'n of Moorish Affairs v. 46th Dist. Court of Oakland Cty., Michigan*, No. 06-CV-15625, 2007 WL 169850, at *1 (E.D. Mich. Jan. 17, 2007) (plaintiff's claim to several parcels of property in Michigan by virtue of their Moorish ancestry is baseless, fantastic, and delusional); *see also Bey v. Ohio*, No. 1:11 CV 1213, 2011 WL 5024188, at *4 (N.D. Ohio Oct. 19, 2011) (the right to travel freely does not exempt plaintiff from compliance with the laws of Ohio) (citing *Saenz v. Roe,* 526 U.S. 489, 500 (1999)); *United States v. Henley,* No. CRIMA08-20384-06, 2010 WL 1438904, at *1 (E.D. Mich. Mar. 4, 2010) ("The Washitaw Nation has not been recognized by the Sixth Circuit or other federal courts, and [Henley] has not provided valid legal support to show otherwise.") (collecting cases), *report and recommendation adopted,* No. 08-20384-6, 2010 WL 1438902 (E.D. Mich. Apr. 9, 2010); *El-Bey v. N. Carolina Dep't of Health & Human Serv.*, No. 1:09CV693, 2010 WL 520877, at *2 (M.D. N.C. Feb. 9, 2010) (plaintiffs' belief that their membership in the Washitaw Mu'ur Empire entitles them to certain rights under international laws and treaties is incorrect and their claims are frivolous) (collecting cases), *report and recommendation adopted sub nom. El-Bey v. N. Carolina Dep't of Health & Human Servs. Soc. Servs. Sub Agency*, No. 1:09CV693, 2010 WL 3283061 (M.D. N.C. Aug. 19, 2010); *El Bey v.*

---

[2] Numerous Ohio courts have also found challenges to jurisdiction and convictions based upon "sovereign citizen" and "sovereign nation" arguments to be meritless and frivolous. *See City of Shaker Heights v. El-Bey*, 86 N.E.3d 865, 866-67 (Ohio Ct. App. 2017) (collecting cases), *appeal not allowed sub nom. Shaker Hts. v. El-Bey*, 78 N.E.3d 910 (2017).

*Phil Bredesen*, No. 10-2217-STA-CGC, 2010 WL 5069882, at *4-5 (W.D. Tenn. Dec. 6, 2010) (claims that plaintiff is entitled to certain rights as an indigenous Washitaw Moor are meritless and inadequate to support the court's jurisdiction) (collecting cases).

**5. Race/national origin**

Plaintiff claims that Flynt illegally detained him "after seeing my Nationality Card and Identification" in violation of 18 U.S.C. §§ 241 and 242.[3] (ECF DKT #1-2 at 6). To the extent that Plaintiff alleges that Flynt discriminated against him based upon his purported status as aboriginal indigenous Native American Moor, he fails to state a plausible § 1983 claim and that claim is dismissed pursuant to § 1915(e). *See Boyd v. United States*, No. 1:16-CV-802, 2016 WL 8291222, at *3–4 (S.D. Ohio Aug. 24, 2016) (self-described aboriginal indigenous Native American Moor individuals do not credibly allege a protected national origin) (citing *Tum-Re v. Keel*, No. 3:15-CV-2708, 2016 WL 2990944, at *1 (N.D. Ohio May 24, 2016) (aboriginal indigenous Native American Moors of any stripe fail to allege a national origin that may serve as a predicate for a federal civil rights claim)), *report and recommendation adopted,* No. 1:16CV802, 2017 WL 680634 (S.D. Ohio Feb. 21, 2017).

**6. Article VI**

Plaintiff alleges that defendants violated his constitutional rights under Article VI of the Constitution. The first clause of Article VI pertains to the validation of debts incurred by states, the second clause pertains to the Constitution and laws of the United States as the Supreme Law of the Land and the third clause pertains to the oath of office taken by public officials and judicial officers.

---

[3] The Court has dismissed Plaintiff's allegations of criminal conduct for lack of standing.

Clause 1 is not pertinent to Plaintiff's claims. With respect to clause 2, the supremacy clause does not create a private right of action and therefore, fails to state a plausible claim for relief. *See Doty v. Berghuis*, No. 1:08-CV-612, 2008 WL 4756018, at *3 (W.D. Mich. Oct. 23, 2008) (the Supremacy Clause of the Constitution (Article VI, cl. 2) does not create an independent private right of action); *see also Bey v. Terminix Int'l, L.P.*, No. 217CV02597SHLCGC, 2018 WL 3552348, at *3 (W.D. Tenn. July 24, 2018) (Article VI does not create a private right of action), *report and recommendation adopted,* No. 217CV02597SHLCGC, 2018 WL 4407254 (W.D. Tenn. Sept. 17, 2018).

And with respect to the third clause of Article VI, alleged violations of "oaths of office" do not state a cognizable § 1983 claim. *See Lake v. Granholm*, No. 1:07CV572, 2008 WL 724162, at *2 n.3 (W.D. Mich. Mar. 17, 2008) (collecting cases); *see also Hayes v. Franco*, No. 215CV01913RFBCWH, 2017 WL 4247384, at *4 (D. Nev. Sept. 25, 2017) (claims for violations of state oath of office and for violation of or failure to execute state law or regulation are not cognizable under § 1983), *appeal dismissed,* No. 18-16471, 2018 WL 5819372 (9th Cir. Aug. 21, 2018).

**7. Claims against Shaker Heights and official capacity claims**

Plaintiff alleges that Shaker Heights failed to properly train its "policy enforcers" regarding their obligations under the Constitution and various treaties with respect to the traffic stop on February 23, 2017 and ensuing charges. To the extent that Plaintiff asserts a claim against defendants in their official capacity, those claims are treated as a claim against the City of Shaker Heights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (an official-capacity suit is treated in all respects as a suit against the governmental entity).

To state a § 1983 claim against the City of Shaker for failure to train, Plaintiff must show that the alleged violation of his federal rights occurred as a result of an illegal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In making a failure to train claim, Plaintiff must show that Shaker Heights' existing training program is inadequate, the inadequacy is a result of deliberate indifference on the part of Shaker Heights and the inadequacy is closely related to or caused Plaintiff's injury. *See Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006) (citing *Russo v. City of Cincinnati,* 953 F.2d 1036, 1046 (6th Cir. 1992)).

Plaintiff fails to state a plausible § 1983 claim against the City of Shaker Heights. First, the Court has concluded that Plaintiff has failed state a claim against the individual defendants upon which relief can be granted. In the absence of a plausible constitutional violation, Plaintiff cannot prevail on his § 1983 claim against Shaker Heights. *See Fox v. DeSoto*, 489 F.3d 227, 238 (6th Cir. 2007) ("Even before reaching the issue of whether the municipality was deliberately indifferent, however, the plaintiff must demonstrate a constitutional violation at the hands of an agent or employee of the municipality.") (citations omitted).

Even if Plaintiff pleaded a plausible constitutional violation against defendants, his claim against the City of Shaker Heights would still fail because, beyond the bare assertion that Shaker Heights failed to train its "policy enforcers," the Complaint is devoid of factual allegations concerning the elements of a failure-to-train claim from which the Court could reasonably infer that Plaintiff stated a plausible § 1983 claim against the City. Accordingly, Plaintiff's claim against the Shaker Heights is dismissed pursuant to § 1915(e).

**D. State law claims**

To the extent that Plaintiff asserts state law claims, including claims under the Ohio Constitution and alleged contract law violations, the Court, having dismissed Plaintiff's federal claims,[4] declines to exercise supplemental jurisdiction over those claims. 28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The determination of whether to accept or decline supplemental jurisdiction is left to the sound discretion of the Court. *See Musson Theatrical v. Fed Express Corp.*, 89 F.3d 1224, 1254 (6th Cir. 1996). The Court's decision depends upon consideration of the issues of judicial economy, convenience, fairness and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc.*, 89 F.3d at 1254-55 (citations omitted).

Here, all of Plaintiff's federal claims have been dismissed and, after having considered the issues, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, to the extent that Plaintiff has asserted state law claims, those claims are dismissed without prejudice. *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the [state] claims without prejudice.") (citations omitted).

---

[4] Plaintiff contends that he is not a citizen of Ohio or of the United States but the address listed on the Complaint is Cleveland, Ohio. Plaintiff does not identify the citizenship of the individual defendants, but lists their place of employment as Shaker Heights, Ohio. It is Plaintiff's burden to establish the basis of the Court's jurisdiction, and he has failed to allege any facts from which this Court could infer that the Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. *See Williams v. Kaouk, M.D.*, No. 1:14 CV 2433, 2015 WL 3408098, at *4 (N.D. Ohio May 27, 2017) (citing *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996)).

### E.  Proceedings *in Forma Pauperis*

In quick succession, Plaintiff filed two *pro se* cases in the Northern District of Ohio related to the February 23, 2017 traffic stop by Flynt and ensuing charges. In both cases, Plaintiff sought to proceed *in forma pauperis* and was permitted to do so without payment of the filing fee. Both cases resulted in dismissal pursuant to § 1915(e).

Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). The repeated filing of meritless lawsuits diverts judicial resources and interferes with the orderly administration of justice. *Pro se* plaintiffs have no right to abuse the judicial process by repeatedly filing meritless cases. *See Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006) (citations omitted); *Bradley v. Wallrad,* No. 1:06VCV246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) ("[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.") (internal quotation marks and citation omitted).

Plaintiff's filing of two meritless lawsuits in connection with the February 23, 2017 traffic stop and ensuing charges is incompatible with the privilege of proceeding *in forma pauperis*. *See Moore v. Controlled Substances Act,* Nos. 4:06-CV-43, 4:06-CV-45, 2006 WL 1313880, at *1 (W.D. Mich. May 12, 2006). "[F]ederal courts have the inherent power to ... [restrict] future access to the judicial system, to deter future frivolous ... or duplicative lawsuits." *Lawrence v. Bevin*, No. 1:16CV-P161-GNS, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). This inherent power includes denying the privilege of proceeding as a pauper when a litigant abuses the

privilege by repeatedly filing meritless lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Weber v. Louisville Metro Police Dep't*, No. 3:16-CV-779-DJH, 2017 WL 1293019, at *2 (W.D. Ky. Apr. 5, 2017) (citing *In re McDonald*).

The Court has a responsibility to ensure that the judiciary's resources are allocated in a manner that advances the interests of justice and the Court concludes that continuing to allow Plaintiff to proceed *in forma pauperis* regarding the February 23, 2017 traffic stop and ensuing charges does not promote the use of Court resources in the interest of justice. *See Maxberry*, 879 F.2d at 224. Accordingly, in the future, Plaintiff will not be permitted to file another action regarding or related to the February 23, 2017 traffic stop and ensuing charges and prosecution, without payment of the full filing fee.

### III. CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and closed. Plaintiff's Motion to proceed *in forma pauperis* is granted (ECF DKT #2), however, Plaintiff will not be permitted to file another action, regarding or related to the February 23, 2017 traffic stop and ensuing charges and prosecution without payment of the full filing fee. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                  **s/ Christopher A. Boyko**
                                                  **CHRISTOPHER A. BOYKO**
                                                  **United States District Judge**

**Dated:** January 23, 2019